UNITED STATES COURT OF APPEALS

FOR THE FEDERAL CIRCUIT

———————————————

In re Nadja Yang,

Petitioner.

———————————————

Related to No. 24-775

United States Court of Federal Claims

———————————————

# PETITION FOR WRIT OF MANDAMUS

# WITH REQUEST FOR ABEYANCE

NADJA YANG, *Pro Se*

WeWork c/o Nadja Yang

115 Broadway Street, 5th Floor

New York, NY 10006

Email: nadjay@cls.institute

TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................3

PETITION..................................................................................4

    I. Jurisdiction...................................................................5

    II. Statement of the Issues....................................................6

    III. Statement of the Case....................................................7

    IV. Reasons the Writ Should Issue..........................................9

    V. Relief Requested..........................................................20

    VI. Conclusion...............................................................22

CERTIFICATE OF COMPLIANCE.................................................23

CERTIFICATE OF SERVICE.......................................................25

EXHIBIT 1: *Debitum Iudiciale, Debitum Alienabile*..........................26

EXHIBIT 2: *Pro Forma Dispositio*..............................................27

EXHIBIT 3: Docket Entries.......................................................34

# TABLE OF AUTHORITIES

## CASES

*California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508 (1972) ............ 4

*Cheney v. U.S. District Court,* 542 U.S. 367 (2004) ............................................. 6, 9

*Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800 (1988) ........................... 9

*Clyma v. Sunoco, Inc.,* 594 F.3d 777 (10th Cir. 2010) ............................................ 9

*Erickson v. Pardus,* 551 U.S. 89 (2007) ................................................................ 4

*Ex parte Republic of Peru,* 318 U.S. 578 (1943) .................................................... 6

*FTC v. Dean Foods Co.,* 384 U.S. 597 (1966) ........................................................ 8

*In re United States,* 590 F.3d 1305 (Fed. Cir. 2009) .............................................. 1

*Landis v. North American Co.,* 299 U.S. 248 (1936) ............................................... 6

*Neonatology Associates, P.A. v. Commissioner,* 293 F.3d 128 (3d Cir. 2002) ............ 5

*Nken v. Holder,* 556 U.S. 418 (2009) ................................................................... 8

*Roche v. Evaporated Milk Ass'n,* 319 U.S. 21 (1943) .......................................... 1, 8

*Sosna v. Iowa,* 419 U.S. 393 (1975) ..................................................................... 7

*Webster v. Doe,* 486 U.S. 592 (1988) ................................................................. 4, 7

## STATUTES AND RULES

28 U.S.C. § 1295(a)(3) ..................................................................................... 1, 9

28 U.S.C. § 1651(a) .................................................................. 1, 8

28 U.S.C. § 2403(a) ..................................................................... 9

Fed. Cir. R. 25(a)(1)(B) .............................................................. 6

Fed. R. App. P. 21(a)(1) ............................................................. 9

Fed. R. App. P. 29(a)(3) ............................................................. 5

OTHER AUTHORITIES

Alexander Hamilton, Report on Public Credit, 6 Papers of Alexander Hamilton 70 (1790) ....................................................................................... 7

**I. JURISDICTION**

This Court possesses mandamus jurisdiction over the Court of Federal Claims under the All Writs Act, 28 U.S.C. § 1651(a), exercised in aid of the exclusive appellate jurisdiction conferred by 28 U.S.C. § 1295(a)(3). *See Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 25 (1943); *In re United States*, 590 F.3d 1305, 1308 (Fed. Cir. 2009). This authority extends to cases within the Court's appellate jurisdiction although no appeal has been perfected. *Roche*, 319 U.S. at 25.

## II. STATEMENT OF THE ISSUES

1. Whether *Haines* liberal construction extends to pro se amicus filings.

2. Whether mandamus lies to compel ruling on a motion for leave to file.

3. Whether threshold merits evaluation triggers certification under 28 U.S.C. § 2403(a).

4. Whether this Court may stay underlying proceedings pending resolution of a mandamus petition filed by a non-party.

5. Whether this Court may enter declaratory relief on constitutional questions presented in a proposed amicus brief.

### III. STATEMENT OF THE CASE

On January 25, 2026, Petitioner filed a motion for leave to file an amicus brief in *Education Creditor Trust v. United States*, No. 24-775 (Fed. Cl.), by email to the Clerk's pro se filing address. The proposed brief—*Debitum Iudiciale, Debitum Alienabile: A Constitutional Challenge to the Anti-Assignment Act*—is also a book with a reserved ISBN (979-8-9946786-0-2), to aid judicial review. The motion for leave is embedded in the brief's appendix and also provided separately as motion-for-leave.pdf, along with brief.pdf (Exhibit 1), for clerical convenience.

A technical misconfiguration with the Himalaya email client led Petitioner to manually re-send the attachment shortly after via Amazon WorkMail web user interface at 02:11 on January 26, resulting in a duplicate. These are precisely the obstacles *Haines* is meant to address: pro se filers lack access to CM/ECF and must navigate consumer email infrastructure that represented parties never confront.

Petitioner subsequently mailed three courtesy copies—two hard-cover editions via Lulu.com and one coil bind copy via FedEx Office Print on Demand. The docket reflects the latter as a "Possible Duplicate." Petitioner notified the Clerk's office by telephone on January 31, 2026 that these mailings were courtesy copies, not additional filings.

The motion for leave remains pending.

## IV. REASONS THE WRIT SHOULD ISSUE

1.

A document filed pro se is "to be liberally construed." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The Court did not say "a pleading filed pro se." It did not say "a complaint filed pro se." It said "a document"—and we must presume the Supreme Court knows the difference between a document and a pleading, and that it chooses its words with care. An amicus brief is, incontestably, a document.

But liberal construction without a mechanism for review is an empty promise. If a court may decline to rule on a pro se filing—or rule adversely without possibility of appeal—the *Haines* doctrine reduces to aspiration. This Court's supervisory jurisdiction supplies the enforcement mechanism.

The constitutional dimension confirms this necessity. "The right of access to the courts is indeed but one aspect of the right of petition." *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 510

(1972). An amicus brief is petition activity in its purest form: the filer seeks nothing for herself, but offers argument bearing on the public interest. To foreclose review of decisions affecting such participation would raise "the serious constitutional question that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim." *Webster v. Doe*, 486 U.S. 592, 603 (1988).

No court appears to have addressed whether *Haines* extends to pro se amicus filings. Petitioner submits that the question answers itself.

2.

If appellate review lies, what is its content? Then-Judge Alito supplied the answer: courts should "grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29′s criteria," because "it is preferable to err on the side of granting leave." *Neonatology Associates, P.A. v. Commissioner*, 293 F.3d 128, 132 (3d Cir. 2002). The criteria are modest: the movant's interest, the brief's desirability, and its relevance to disposition. Fed. R. App. P. 29(a)(3).

This Court need not await the lower court's ruling. The proposed brief—Exhibit 1—presents constitutional arguments concerning a statute central to the litigation that no party has raised. Whether those arguments are relevant and whether the brief would assist the court are questions this Court can evaluate now. If the brief facially satisfies *Neonatology*'s standard, the motion should be granted.

3.

Petitioner files this petition now, with a request for abeyance, rather than awaiting further delay. The Supreme Court has held that "the law does not put litigants in the impossible position of having to exhaust alternative remedies before petitioning for mandamus, on the one hand, and having to file the mandamus petition at the earliest possible moment to avoid laches, on the other." *Cheney*, 542 U.S. at 378. A petitioner "cannot be faulted for attempting to resolve the dispute through less drastic means" while simultaneously preserving appellate review. *Id.*

Pro se filers in this Circuit cannot access CM/ECF; they must submit case-initiating documents by email. Fed. Cir. R. 25(a)(1)(B). Pro se filers also face suboptimal remittance options: physical checks or money orders transmitted via postal mail remain the primary payment modality for case-initiating documents. This creates uncertainty in processing time that represented parties do not face. The underlying litigation proceeds apace—discovery concludes May 13, 2026, after

which dispositive motions will follow. If the motion for leave remains pending indefinitely, the window for amicus participation may close before the constitutional questions can be considered.

Courts possess inherent authority to hold matters in abeyance pending developments elsewhere. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket."). The constitutional questions presented are "of such public importance" that preemptive consideration is "peculiarly appropriate." *Ex parte Republic of Peru,* 318 U.S. 578, 586–87 (1943).

4.

Mandamus requires that the petitioner's right be "clear and indisputable." *Cheney*, 542 U.S. at 381. Petitioner submits that this standard is satisfied: courts have a ministerial duty to rule on pending motions; pro se documents must be liberally construed; and First Amendment petition activity must have some judicial forum. *See Webster v. Doe*, 486 U.S. 592, 603 (1988). Even if the right is not yet crystallized, it will become so if the motion for leave is denied or remains pending indefinitely.

Where the question presented is both serious and unsettled, the third *Cheney* factor—whether mandamus is "appropriate under the circumstances"—takes on particular significance. 542 U.S. at 381. This case presents the first judicial consideration of whether *Haines* liberal construction extends to pro se amicus participation, and whether such participation is subject to any appellate oversight. Novel questions of constitutional dimension warrant resolution, not avoidance.

The constitutional question presented in the underlying amicus brief (Exhibit 1) is serious—Hamilton himself recognized that "[t]ransfers of stock or public debt are... equivalent to payments in specie," 6 Papers of Alexander Hamilton 70 (1790) (describing Treasury bonds)—and unlikely to receive review through ordinary channels. Individual creditors holding claims against the United States are incentivized to pursue immediate payment, not protracted constitutional adjudication, as their claims bleed value with each passing year—in part because the Act itself forecloses the liquidity that assignment would provide. The government can strategically waive the Anti-Assignment Act in individual cases to avoid creating adverse precedent. *Cf. Sosna v. Iowa*, 419 U.S. 393, 400 (1975) ("no single challenger will remain subject to [the challenged conduct] for the period necessary to see such a lawsuit to its conclusion"). Without this Court's intervention, the constitutional question will continue to evade review.

5.

The All Writs Act empowers this Court to issue "all writs necessary or appropriate in aid of" its jurisdiction. 28 U.S.C. § 1651(a). This authority extends to the Court's potential jurisdiction over cases "which are within its appellate jurisdiction although no appeal has been perfected." *FTC v. Dean Foods Co.*, 384 U.S. 597, 603 (1966) (quoting *Roche*, 319 U.S. at 25). Where necessary to preserve the efficacy of appellate review, this Court may stay lower court proceedings. *See id.* at 604.

The traditional factors favor such relief. *See Nken v. Holder*, 556 U.S. 418, 426 (2009). Petitioner has demonstrated likelihood of success: the proposed amicus brief satisfies *Neonatology*'s permissive standard, and the constitutional arguments are substantial. Absent a stay, the window for amicus participation may close before this Court can act. The balance of harms favors Petitioner. The plaintiffs' individual stake, at $92 million in demand, while substantial, represents one case; the constitutional question affects the entire regime of claims against the sovereign. The underlying litigation commenced in 2024; incremental

delay pending threshold constitutional adjudication is de minimis. The public interest weighs heavily in favor of resolving a constitutional question that affects every holder of a justiciable claim against the sovereign—and the government itself, which mechanism design theory establishes is harmed by restrictions undermining credible commitment.

Petitioner's personal stake is scholarly. But the constitutional question transcends any individual case.

6.

Congress vested this Court with exclusive appellate jurisdiction over the Court of Federal Claims. 28 U.S.C. § 1295(a)(3). One objective "was to reduce the lack of uniformity and uncertainty of legal doctrine." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 813–14 (1988). Mandamus requires that the petitioner's right be "clear and indisputable." *Cheney v. U.S. District Court*, 542 U.S. 367, 380–81 (2004). That standard necessarily requires some evaluation of the underlying merits. To the extent such evaluation draws the constitutionality of 31 U.S.C. § 3727 "into question," the court "shall certify such fact to the Attorney General." 28 U.S.C. § 2403(a). The statute does not distinguish holdings from dicta.

The procedural posture presents a question of apparent first impression. FRAP 21(a)(1) designates "parties to the proceeding in the trial court other than the petitioner" as respondents—a formulation presupposing the petitioner was a party below. Petitioner was not; she was a proposed amicus. *See Clyma v. Sunoco, Inc.*, 594 F.3d 777, 779

n.2 (10th Cir. 2010) (observing "no respondent appears" where non-party sought mandamus). Petitioner respectfully submits the question of respondent designation—and whether certification under § 2403 is appropriate—to this Court's sound discretion.

## V. RELIEF REQUESTED

Petitioner respectfully requests that this Court:

1.  Grant Petitioner's motion for leave to file amicus brief, subject to such technical modifications as the Court deems appropriate; or, in the alternative, direct the Court of Federal Claims to grant the motion;

2.  Stay proceedings in *Education Creditor Trust v. United States*, No. 24-775 (Fed. Cl.), pending final resolution of this petition;

3.  Certify to the Attorney General pursuant to 28 U.S.C. § 2403(a) that the constitutionality of 31 U.S.C. § 3727 has been drawn in question;

4.  Enter a declaratory judgment on the constitutionality of the Anti-Assignment Act, 31 U.S.C. § 3727, in light of the arguments presented in Exhibit 1; and

5.  Grant such other relief as the Court deems just and proper.

As this Court deems appropriate, Petitioner requests that this Court hold this petition in abeyance for fourteen days to permit the Court of Federal Claims to act on the pending motion.

## VI. CONCLUSION

A document filed pro se is to be liberally construed. Petitioner has filed such a document. The motion for leave remains pending, the constitutional questions are serious, and this Court possesses the expertise to address both. Petitioner respectfully requests the relief set forth above.

Respectfully submitted,

/s/ Nadja Yang

NADJA YANG, *Pro Se*

WeWork c/o Nadja Yang

115 Broadway Street, 5th Floor

New York, NY 10006

Email: nadjay@cls.institute

Dated: 2026-02-03

## Certificate of Compliance

This petition complies with the type-volume limitation of Fed. R. App. P. 21(d)(1). Excluding the parts of the document exempted by Fed. R. App. P. 32(f)—the cover, tables of contents and authorities, certificates, signature blocks, and exhibits—this petition contains 2045 words. The word count was computed programmatically by counting matches of the regular expression \b\w+\b within Sections I through VI.

This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). The petition was typeset using Typst, a document preparation system distributed as free software under the Apache License, Version 2.0. *See* Mädje, L., Haug, M., & The Typst Project Developers, *Typst* [Computer software], https://github.com/typst/typst. The body text is set in 14-point Source Serif Pro, a proportionally spaced serif typeface. Paragraph leading is 2em; paragraph spacing is 2em; margins are 1.5 inches left, 1 inch right, and 1 inch top and bottom.

/s/ Nadja Yang

NADJA YANG, *Pro Se*

Dated: 2026-02-03

## Certificate of Service

I certify that on 2026-02-03, I filed this Petition for Writ of Mandamus by email to intake@cafc.uscourts.gov pursuant to Fed. Cir. R. 25(a)(1)(B), with a carbon copy to ProSe_case_filings@cfc.uscourts.gov as notification to the Court of Federal Claims and for service on the parties in the underlying proceeding, *Education Creditor Trust v. United States*, No. 24-775 (Fed. Cl.).

/s/ Nadja Yang

NADJA YANG, *Pro Se*

Dated: 2026-02-03

EXHIBIT 1

# DEBITUM IUDICIALE, DEBITUM ALIENABILE

*A Constitutional Challenge to the Anti-Assignment Act*

Nadja Yang

COMPUTATIONAL LEGAL STUDIES INSTITUTE

ISBN 979-8-9946786-0-2

January 2026

© 2026 Nadja Yang

Licensed under CC BY-NC-SA 4.0

*Attached separately*

## Exhibit 2

*Pro Forma Dispositio*

# Pro Forma Dispositio

---

## Order

---

The petition for writ of mandamus is hereby:

    [  ]   GRANTED

        └──the Court directs the Court of Federal Claims to:

            [  ]  accept the amicus brief in Exhibit 1, subject to clerical modifications

            [  ]  rule on the pending motion for leave within ____ days

        └──the Court holds that 31 U.S.C. § 3727:

            [  ]  is unconstitutional

            [  ]  raises serious constitutional questions warranting further review

            [  ]  survives review (the Court respectfully disagrees with Exhibit 1)

    [  ]   DENIED

    [  ]   HELD IN ABEYANCE for _____ days

---

The procedural posture of this petition is:

    [  ]   unusual but appropriate given the constitutional questions presented

        └──precedential for future pro se filers:  [  ] yes  [  ] no

    [  ]   sui generis yet internally coherent given the abeyance framework

[ ]   inappropriate, though the Court recognizes petitioner's stated concerns

[ ]   unusual and inappropriate

    └─sanctions:  [ ] considered  [ ] imposed  [ ] declined

[ ]   routine

    └─the Court is surprised this doesn't happen more often

---

The petitioner's justification for preemptive filing due to pro se email processing delays is:

[ ]   an accepted rationale at this Court

    └─the Court directs the Clerk to note this for future reference

[ ]   misguided but understandable

    └─petitioner is advised not to rely on this theory in future proceedings

[ ]   pretextual

    └─the Court:

            [ ] is amused nonetheless

            [ ] is not amused

            [ ] declines to characterize its amusement status

[ ]   actually a reasonable point

    └─the Court notes that CM/ECF access would resolve this

---

The petitioner's repeated use of "*Pro Se*" as honorific is:

[ ]   stylistically appropriate

[ ]   precocious

[ ]   contemptuous

[ ]   a question the Court declines to reach

---

The constitutional arguments in the proposed amicus brief are:

[ ]   prima facie plausible

    └─the Court finds the following arguments non-frivolous:

        [ ]   enumerated powers (Congress lacks Article I authority)

        [ ]   sovereign immunity (*remissio expressa, revocatio expressa*)

        [ ]   Fifth Amendment takings (stripping alienability)

        [ ]   customary international law (*debitum iudiciale, debitum alienabile*)

        [ ]   equal protection (individual investors' and hedge funds' rights violated by banking exception)

        [ ]   rational basis (mechanism design / credible commitment)

        [ ]   other: _____

[ ]   not prima facie plausible

[ ]   the Court declines to reach this question

---

With respect to the structured adjudication methodology employed herein:

[  ]  streamlines judicial decision-making

    └─the Court encourages adoption:  [  ] yes  [  ] no  [  ] in moderation

[  ]  impedes efficiency by generating spectacles

    └─"spectacle" is not a term of art in this Circuit

    └─time spent by chambers staff on this filing: ____ hours

    └─time spent discussing this filing instead of working: ____ hours

    └─net productivity impact:  [  ] disruptive  [  ] worth it

[  ]  generates spectacles but still improves efficiency

    └─the Court notes the tension but declines to resolve it

[  ]  warrants nominal sanction

    └─$_____ fine for contempt

    └─less PACER fees remitted this calendar year:  [  ] yes  [  ] no

    └─payable to:  [  ] Clerk of Court  [  ] charity of petitioner's choice

    └─petitioner may frame the order:  [  ] yes  [  ] no

---

OPTIONAL ADMONISHMENTS (check all that apply)

[  ]  The petitioner's procedural creativity, while not sanctionable, is noted with disapproval

[  ]  Buddhist epistemology has no place in federal litigation

[  ]  The dedication to a Bloomberg columnist does not strengthen the constitutional arguments

[  ]    159 pages is excessive for an amicus brief

[  ]    Future filings should more closely conform to conventional practice

[  ]    The Court questions petitioner's allocation of time and resources

[  ]    The Latin maxims are not improved by being invented

[  ]    The Homeric invocation was unnecessary

---

OPTIONAL COMMENDATIONS (check if applicable)

[  ]    The comparative law research is thorough

[  ]    The mechanism design arguments are novel

[  ]    The Typst formatting is aesthetically pleasing

[  ]    The procedural creativity, while unusual, demonstrates engagement with the judicial process

[  ]    The brief would benefit from wider readership

---

The Clerk shall:

[  ]    serve this order on petitioner and the Court of Federal Claims

[  ]    notify the Attorney General pursuant to 28 U.S.C. § 2403(a)

[  ]    file this order with a heavy sigh

---

_____          _____

Judge                                      Date


Preferred adverb for signature line:

    [ ]   Reluctantly     [ ] Wearily    [ ] Bemusedly    [ ] So ordered

EXHIBIT 3

## Docket Entries

*Education Creditor Trust v. United States*, No. 24-775

(Court of Federal Claims)

SELECTED ENTRIES

| Date | Entry |
|------|-------|
| May 17, 2024 | Complaint filed. |
| Feb. 27, 2025 | Opinion and Order denying Motion to Dismiss as to Counts 1–2 (breach of contract); granting Motion to Dismiss as to Count 3 (takings). |
| Nov. 21, 2025 | Discovery Scheduling Order. All merits fact discovery due by May 13, 2026. |
| Jan. 26, 2026 | Defect Memo Forwarded to Chambers. Description: Motion for Leave to File Brief of Amicus Curiae and Supplemental Brief (x2) by a non-party. |
| Jan. 26, 2026 | Defect Memo Forwarded to Chambers. Description: Motion for Leave to File Brief of Amicus Curiae and Supplemental Brief (x2). Modified on 1/28/2026. |
| Jan. 27, 2026 | Defect Memo Forwarded to Chambers. |
| Jan. 28, 2026 | Defect Memo Forwarded to Chambers. Description: Motion for Leave to File Brief of Amicus Curiae Nadja Yang Addressing the Constitutionality of the Anti-Assignment Act and Brief of Amicus Curiae Nadja Yang (Possible Duplicate). |
| Jan. 30, 2026 | Defect Memo Forwarded to Chambers. |

*Source: PACER via CourtListener / RECAP Archive (https://www.courtlistener.com/docket/68543366/education-creditor-trust-v-united-states/; archived at https://archive.is/78vHM). No ruling on Petitioner's motion for leave has been entered as of the date of this petition.*